IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN V. CLEVELAND, H60545, | ) | |
| Plaintiff(s), | ) | No. C 15-3814 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| DR. LAM, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California (CTF), has filed a pro se complaint under 42 U.S.C. § 1983 challenging his classification as a high-risk medical case subject to transfer to a medical facility. Plaintiff alleges that the high-risk medical classification is wrong and that Dr. Lam falsely diagnosed him with Parkinson's to support it in an effort to have plaintiff transferred to another facility in retaliation for plaintiff having previously filed suit against Dr. Lam. Plaintiff also alleges that although prison health care officials recently acknowledged that he does not have Parkinson's, California Health Care Services Deputy Director J. Lewis denied plaintiff's administrative appeal to be removed from the high-risk medical list. Plaintiff seeks damages and injunctive relief.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Prisoners have no constitutional right to a particular classification. See Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976). Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Nor does misclassification inflict pain so as to be cruel and unusual punishment violative of the Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982).

Prisoners have no constitutional right to incarceration in a particular institution either. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are

sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, or to prisons in another state, without offending the Constitution.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)).  A non-consensual transfer is not per se violative of due process, equal protection or Eighth Amendment rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975); Sisbarro v. Massachusetts State Penitentiary, 592 F.2d 1, 4-5 (1st Cir. 1979), and no procedural due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519.

But although disciplinary transfers without procedural due process protections are generally permissible, prison officials cannot transfer a prisoner from one institution to another in order to punish the prisoner for exercising his constitutional rights.  See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  Liberally construed, plaintiff's allegations that Dr. Lam falsified a Parkinson's diagnosis to support plaintiff's high-risk medical classification in an effort to have plaintiff transferred to another facility "in retaliation" for plaintiff having previously filed suit against Dr. Lam appear to state a cognizable § 1983 claim for retaliatory classification/ transfer and will be ordered served on Dr. Lam.

All other claims (i.e., plaintiff's proposed Eighth Amendment and due process claims) and defendants (i.e., Deputy Director J. Lewis) are dismissed. The attachments to the complaint make clear that Deputy Director J. Lewis did

not deny plaintiff's request to be removed from the high-risk medical list on the merits. Rather, he explained that plaintiff's appeal was categorized as a staff complaint and would be limited to allegations of wrongdoing against Dr. Lam; plaintiff would have to raise his request to be removed from the high-risk medical list in a separate medical appeal. See Compl. Ex. A at 2. Plaintiff states no cognizable § 1983 claim against Deputy Director J. Lewis. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is no constitutional right to a prison administrative appeal or grievance system, let alone an effective one).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on Dr. Lam at CTF. Deputy Director J. Lewis is dismissed. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v.

1  Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion
2  for summary judgment). A motion to dismiss for failure to exhaust available
3  administrative remedies (where such a motion, rather than a motion for summary
4  judgment for failure to exhaust, is appropriate) must be accompanied by a similar
5  notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d
6  at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir.
7  2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th
8  Cir. 2014) (en banc), must be served concurrently with motion to dismiss for
9  failure to exhaust available administrative remedies).

   If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b.  Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

   c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

   Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

   (The Rand and Wyatt/Stratton notices above do not excuse defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary

judgment. <u>Woods</u>, 684 F.3d at 935.)

        d.    Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 12/10/2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Cleveland, I.15-3814.serve.wpd